*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

_____

Before
GASTON, STEWART, and HOUTZ
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Calvin N. PULLARA**
Corporal (E-4), U.S. Marine Corps
Appellant

**No. 201900291**

Decided: 29 December 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Wilbur Lee

Sentence adjudged 7 August 2019 by a general court-martial convened at Marine Corps Base, Kaneohe Bay, Hawaii, composed of a military judge alone. Sentence in the Entry of Judgment: confinement for twelve months and one day, reduction to E-1, and a dishonorable discharge.

For Appellant:
*Lieutenant Commander Jacqueline M. Leonard, JAGC, USN*

For Appellee:
*Lieutenant Kevin G. Edwards II, JAGC, USN*
*Lieutenant Kimberly Rios, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

Appellant was found guilty, in accordance with his pleas, of attempting to wrongfully possess a controlled substance and wrongfully distributing, using, and possessing with intent to distribute a controlled substance, in violation of Articles 80 and 112a, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 880, 912a.

Appellant raises one assignment of error: that Appellant's sentence to a dishonorable discharge is inappropriately severe and disparate compared to other similar misconduct. We find no error and affirm.

## I. BACKGROUND

Appellant's convictions arise out of a Naval Criminal Investigative Service investigation into the wrongful use and distribution of lysergic acid diethylamide (LSD) onboard Marine Corps Base Hawaii. After enlisting in the Marine Corps in July 2013, Appellant worked as an aviation electronics technician until he was placed into pretrial confinement in connection with his offenses in May 2019. The evidence at his court-martial showed that Appellant used LSD on approximately twenty occasions between September 2018 and March 2019. During that time he purchased ninety tabs of LSD on the internet and had them delivered via United States mail to his on-base residence. He sold or gave LSD on four occasions to other Marines, some of whom also worked in aircraft maintenance, knowing that the drug causes hallucinations and confusion. He also ordered thirty pills and two vials of anabolic steroids, which were seized by law enforcement upon their delivery to Appellant's on-base residence. At the time of his apprehension, Appellant still possessed approximately thirty tabs of LSD in his on-base residence, which he intended to use and distribute to other Marines, including at a scheduled training exercise in Arizona.

## II. DISCUSSION

"Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy,* 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individual-

ized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). In making this assessment, we analyze the record as a whole. *Healy*, 26 M.J. at 395-97. Despite our significant discretion in determining sentence appropriateness, we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The appropriateness of a sentence generally should be determined without reference or comparison to sentences in other cases." *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985). A Court of Criminal Appeals is "required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *Ballard*, 20 M.J. at 283). Where closely related cases involve disparate sentences, courts must consider whether there is a rational basis for the differences between the sentences. *United States v. Durant*, 55 M.J. 258, 260 (C.A.A.F. 2001).

In this case we find that the sentence is appropriate. Appellant signed a pretrial agreement and agreed to a stipulation of fact that detailed his months-long period of misconduct. He pled guilty to possessing and distributing LSD on a Marine Corps installation and was planning to distribute more LSD in his possession to additional Marines. At sentencing the Government entered six exhibits into evidence, including the transcript of Appellant's interrogation by law enforcement wherein he admitted using cryptocurrency to purchase drugs under a false name and a plan to sell the drugs that gave him a "500 percent profit margin."[1] He also admitted that he intended to take the LSD to a training course in Yuma, Arizona. During this entire time the evidence showed he was qualified in aircraft quality control and performed maintenance on aircraft, as did some of the other Marines to whom he distributed the drug. Appellant's sentencing case included photographs of his family, his awards, and his muster sheet showing he complied with the terms of his restriction. Appellant's wife testified that he was a good father and husband, suffered from depression, and expressed remorse for his actions to her. Appellant provided the court with an unsworn statement in which he discussed his difficult childhood and substance abuse issues as an adolescent, and apologized to his family and his command.

---

[1] Pros. Ex. 2 at 48.

Based on this evidence, and giving individualized consideration to Appellant as well as the nature and seriousness of the offenses, we find that the sentence in this case serves the interests of justice and Appellant received the punishment he deserves. Further, after reviewing the cases cited by Appellant in his brief, we are not convinced the other cases are closely related to Appellant's, and we will not engage in a sentence disparity analysis. In a recent decision, this Court rejected a sentence disparity argument where the appellant compared his aggravated assault case to four other cases that had different factual circumstances, different victims, and no "co-actors" or "common scheme." *United States v. Pena*, No. 201700327, 2018 CCA LEXIS 279, at *5 (N-M. Ct. Crim. App. June 5, 2018) (unpublished). While in this case, as in *Pena*, the offenses are similar, there is no nexus between Appellant's case and the cited cases. Therefore, no sentence comparison is warranted.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and the sentence are correct in law and fact and that there is no error materially prejudicial to Appellant's substantial rights. UCMJ arts. 59, 66. Accordingly, the findings and the sentence in the Entry of Judgment are **AFFIRMED.**

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court